## BEAVER et al. v. COWAN.

No. 14017—Opinion Filed Sept. 16, 1924.

Rehearing Denied Nov. 12, 1924.

### Indians—Recovery of Land from Grantees —Limitation of Actions.

Under the provisions of an Act of Congress approved May 31, 1902 (32 U. S. Stat. at Large, 284), a recovery of the allotment of a deceased full-blood Peoria Indian on behalf of the heirs of such deceased Indian is barred by limitation under section 4471, Mansfield's Digest of the Statutes of Arkansas, seven years after the approval on April 30, 1903, by the Secretary of the Interior of a deed executed by the sole devisee of the deceased allottee under a will executed by such deceased Indian in her lifetime, by which the allotment was bequeathed to the grantor in said deed. where the grantee in said deed and all subsequent holders claiming through such grantee had at all times from the 30th day of April, 1903, to the time of the trial remained in the open, notorious, and peaceable possession of said land.

(Syllabus by Foster, C.)

Commissioners' Opinion, Division No. 5.

Error from District Court. Ottawa County; S. C. Fullerton, Judge.

Action by W. I. Cowan against Frank Beaver et al. to quiet title to real estate. Judgment for plaintiff, and defendants appeal. Affirmed.

John L. Crank, for plaintiffs in error.

E. C. Fitzgerald, for defendant in error.

Opinion by FOSTER, C. This action was brought in the district court of Ottawa county, Okla., by defendant in error, W. I. Cowan, as plaintiff, against Frank Beaver and Nancy Farris, and the unknown heirs, executors, administrators, devisees, trustees, and assigns of Kah-tah-ke-mong-quah, a deceased Peoria Indian, plaintiffs in error, as defendants, to quiet his title to 80 acres of land located in Ottawa county, Okla.

The parties will be hereinafter referred to as they appeared in the trial court.

The plaintiff claims title to said land through a deed by Sarah E. Wadsworth and husband, executed on the 18th day of April, 1902, as sole devisee under a will executed by Kah-tah-ke-mong-quah, a full-blood Peoria Indian, prior to her death, which was approved by the Secretary of the Interior on the 30th day of April, 1903.

Service by publication was obtained upon the unknown heirs of Kah-tah-ke-mong-quah and a default judgment rendered against them, but the defendants, Frank Beaver and Nancy Farris, appeared and filed an answer in which they asserted title to said land as the sole and only heirs at law of Kah-tah-ke-mong-quah, and prayed judgment quieting their title against the plaintiff and for possession and damages.

The case was tried by the court upon an agreed statement of facts, as follows:

"(1) It is agreed by and between the plaintiff and defendants hereto, that the following facts are admitted:

"(2) That Kah-tah-ke-mong-quah was an allottee of the Peoria Tribe, and that she died seized of her Peoria allotment, on or about the 9th day of March, 1900, said allotment being as described in plaintiff's petition.

"(3) That prior to her death, the deceased made a last will and testament, wherein she devised the real estate described in plaintiff's petition to one Sarah E. Wadsworth.

"(4) That said will was admitted to probate in the United States Court for the Northern District of the Indian Territory on or about the 23rd day of January, 1902.

"(5) That Sarah E. Wadsworth and John Wadsworth, her husband, on the 18th day of April, 1902, transferred this real estate described in plaintiff's petition, by warranty deed, to the McGammon Mercantile Company. which deed was approved by the Secretary of the Interior on the 30th day of April, 1903, and the said deed is recorded in book 8, page 483, of the records in the office of the county clerk of Ottawa County, and the caption of said deed contained the following provision: 'That said Sarah E. Wadsworth being sole devisee of Kah-tah-ke-mong-quah, deceased, a member of the Peoria Tribe of Indians, of the Quapaw Agency Indian Territory.'

"(6) That Nancy Farris and Frank Beaver are the only known living heirs, and they are respectively niece and nephew of said deceased.

"(7) That plaintiff and his grantors have been in the open, notorious and peaceful possession of said real estate since the 30th day of April, 1903.

"(8) That the restrictions against alienation imposed by the Acts of Congress upon this allotment had not been removed when the will heretofore referred to was made and admitted to probate, or when the deed referred to was made and approved.

"(9) That Nancy Farris and Frank Beaver have neither transferred, by deed or otherwise, any interest they may have in said allotment. to any other person or persons.

"(10) That on the 8th day of April, 1890, the United States issued to Kah-tah-ke-mong-quah, the deceased, a patent for said land described in plaintiff's petition. inter alia,

'Provided, that the said lands shall not be alienated nor subject to levy, sale, taxation or forfeiture, for a period of twenty-five years from the date hereof, and any contract or agreement to sell or convey said land before the expiration of said period, shall be absolutely null and void.'

.."Witness our hands this 11th day of March, 1922.

"E. C. Fitzgerald,
"Attorney for plaintiff.
"John L. Crank,
"Attorney for defendants."

The trial court entered a general judgment in favor of the plaintiff, quieting his title to said land as against the defendants. Motion for a new trial was filed and overruled, and the defendants bring the cause regularly on appeal to this court on petition in error and case-made.

The first proposition relied upon and discussed by the defendants in their brief is, that the trial court erred as a matter of law in not rendering judgment for defendants upon the agreed statement of facts and pleadings, and in rendering judgment for the plaintiff thereon.

The argument is that since the land claimed by the plaintiff under the will of Kahtah-ke-mong-quah was land which she received as an allottee of the Peoria Tribe of Indians, and which could not be alienated under the terms of the patent by which she received the allotment and under controlling federal statutes for a period of 25 years from the date of the patent, both the will by which the land was devised to Sarah E. Wadsworth and the approval of her deed by the Secretary of the Interior as such devisee to plaintiff's grantor were void and inoperative as a conveyance of the title.

It is shown by the agreed statement of facts that at all times since the 30th day of April, 1903, the date on which the Secretary of the Interior approved the deed of Sarah E. Wadsworth, as the sole devisee of the deceased allottee under the will to the McGammon Mercantile Company, the plaintiff and his grantors had been in the open, notorious, and peaceful possession of the real estate in controversy, a period of nearly 19 years previous to the trial.

Under the provisions of an Act of Congress of May 31, 1902 (32 U. S. Stat. at Large, 284), it was provided as follows:

"Be it Enacted: That in all actions brought in any state court or United States Court by any patentee, his heirs, grantees or any person claiming under such patentee for the possession or rents or profits of lands patented in severalty to the members of any tribe of Indians under any treaty between it and the United States of America, where a deed has been approved by the Secretary of the Interior to the lands sought to be recovered, the statutes of limitations of the states in which such land is situated shall be held to apply and it shall be a complete defense to such action that the same has not been brought within the time prescribed by the statutes of said state the same as if such action had been brought for the recovery of land patented to others than members of any tribe of Indians."

We think this statute applicable to the situation presented by the facts in the case at bar. Regardless of whether the Secretary of the Interior had the legal authority to approve a deed in the face of a 25 year restriction upon alienation, the fact of such approval operated under the terms of the statute to set in motion the provisions of the statute of limitations prevailing in the jurisdiction in which the land should happen to be situated. The deed was approved by the Secretary of the Interior on the 30th day of April, 1903. This deed was not executed by a stranger to the title, but by a grantor who is shown to be in privity with the deceased allottee under a will by which the deceased allottee in her lifetime had devised the allotment to the grantor, and it must be presumed, we think, in view of the fact that the will had been admitted to probate in the proper court, that the Secretary of the Interior approved the deed advisedly and operated as an approval by that officer of the will of the deceased allottee in her lifetime by which she attempted to bequeath her allotment to Sarah E. Wadsworth.

The statute of limitations as contained in section 4471, Mansfield's Digest of the Statutes of Arkansas, was in force in this jurisdiction on the 30th day of April, 1903, and under that statute an action for the recovery of the real property conveyed to the plaintiff would be barred after a period of seven years. Patterson v. Rousney, 58 Okla. 185, 159 Pac. 636.

We are therefore of the opinion that the trial court did not err in finding that the rights of the defendants to the real estate had been barred by the statute of limitations.

The contention of the defendants that a ruling of the trial court upon a motion for judgment on the pleadings and agreed statement of facts on the 15th day of March, 1922, was res adjudicata, is untenable.

The record clearly shows, we think, that the court on said date, while it overruled a motion for judgment on the pleadings, re-

served any ruling upon the merits for a subsequent final hearing which was had on the 20th day of June thereafter, resulting in a general judgment for the plaintiff.

A careful examination of the entire record convinces us that the finding and ruling of the trial court was correct, and that the judgment of the lower court should be affirmed.

By the Court: It is so ordered.