## BEEMAN et al. v. HOLT et al.

No. 14992—Opinion Filed Jan. 6, 1925.

Rehearing Denied April 21, 1925.

### Indians—Limitation of Actions — Recovery by Heirs of Full-Blood Allottee.

Under the provision of the Act of Congress approved May 31, 1902 (32 U. S. St. at L. 284), a recovery of the allotment of deceased full-blood Indian on behalf of the heirs of such deceased Indian is barred by limitation under section 4471, Mansfield's Digest of the Statutes of Arkansas, seven years after the approval, on September 12, 1906, by the Secretary of the Interior, of a deed executed by the surviving husband of the deceased allottee, where the grantees in said deed and all subsequent holders claiming through such grantee had at all times from September 12, 1906, to the time of trial remained in the open, notorious, adverse, and peaceable possession of said land.

(Syllabus by Jones, C.)

Commissioners' Opinion, Division No. 3.

Error from District Court, Ottawa County; J. J. Smith, Judge.

Action by Huldah Holt et al. against Mary E. Beeman et al. Judgment for plaintiffs, and defendants appeal. Reversed with directions.

W. H. Kornegay and E. C. Fitzgerald, for plaintiffs in error.

J. W. Bartholomew, for defendants in error.

Opinion by JONES, C. This action was instituted in the district court of Ottawa county, Okla., by the defendants in error, as plaintiffs in the trial court, against the plaintiffs in error, as defendants in the trial court, to recover possession of certain lands, for damages, and for the cancellation of a certain deed. The plaintiffs allege that they were the sole heirs of Lucinda Dyer, deceased, who was a Wyandotte Indian, and that Francis Marion Dyer, husband of the said Lucinda Dyer, a white man, under the law then in force, was not an heir and had no interest in the estate of the said Lucinda Dyer, and that the deed executed by the said Francis Marion Dyer purporting to convey said lands was void. To the petition of the plaintiff the defendants filed their answer, and among other defenses pleaded, aver that the deed executed by the said Francis Marion Dyer was duly approved by the Secretary of the Interior, and therefore sufficient to start the statute of limitation running, and that said statute has fully run.

The case was submitted to the court upon an agreed statement of facts, wherein it was agreed that Lucinda Dyer was a Wyandotte Indian, and that the land in controversy had been allotted to her under the act of 1887; that she died intestate in that part of the Indian Territory now Ottawa county, Okla., on the 6th day of October, 1915, seized of the real estate herein described, which is the land in controversy. And that Lucinda Dyer left no children surviving her; that she left surviving, her husband, Francis Marion Dyer, who was a white man, leaving as her heirs by blood two brothers, the immediate ancestors of the plaintiffs, and that on the 1st day of August, 1906, Francis Marion Dyer executed a deed which is hereby incorporated in this agreed statement of facts together with all indorsements thereon, which shows to be a warranty deed to Emma B. Young, duly executed and acknowledged with the following indorsment:

"Endorsed: 73384 Indian Office Incl. No. 1. 1906. 79597. Indian Office Incl. No. 2. 1906.

"Department of the Interior, Office of Indian Affairs, Sept. 7, 1906. The within deed is respectfully submitted to the Secretary of the Interior, with the recommendation that it be approved.

"F. E. Leupp, Commissioner.

"Department of the Interior, Sep. 12, 1906.

"The within deed is hereby approved.

"Jesse E. Wilson, Assistant

"Secretary.

"L. D."

—and further shows to have been duly recorded in the Indian Territory Division of the Department of the Interior, on October 24, 1906, in Deed Book Inherited Indian Lands, vol. 13, page 148. The agreement contained the mesne conveyance from Emma B. Young to the plaintiff in error Mary E. Beeman. It was further agreed that all of the plaintiffs have lived within 15 miles of the land in controversy since the death of Lucinda Dyer, and that the plaintiffs have known for many years that defendants claimed to own the land, and that a trust patent was issued to the allottee for the land in controversy, that no final patent was ever issued.

The stipulation contains other matters which we do not deem essential to the final determination of this case. Upon request the court made findings of fact and conclusions of law, which are in conformity to the agreed statements of facts, and the seventh finding of fact is as follows:

"That on August 1, 1906, Francis Marion Dyer, a white man as aforesaid, and the

husband of Lucinda Dyer, purporting to be the sole heir of the said Lucinda Dyer made, executed and delivered to one Emma B. Young, now Emma Gebo, a defendant herein, his certain deed to the whole allotment of his former wife, the said Lucinda Dyer. That said deed was approved by the Secretary of the Department of the Interior on Sept. 12, 1906."

And the eighth finding is:

"That pursuant to said deed so given the grantee therein, the said Emma B. Young, now Gebo, went into possession of said real estate and that she and her grantees have been in open, notorious and peaceable possession thereof ever since."

As a conclusion of law the court found that the descent of the allotment in question was governed by the Arkansas Laws of descent and distribution, and that the husband, Francis Marion Dyer, being a white man without Indian blood, inherited no part, and did not share in the distributon of said estate, and that the approval by the Secretary of the Interior of the deed from Francis Marion Dyer to said Emma B. Young was not sufficient to validate the deed and convey title to said grantees, named therein, and that said action did not and does not preclude the heirs of the said Lucinda Dyer from asserting their rights and claiming interest in and to said estate in the manner pursued in this action, and rendered judgment in favor of the plaintiffs for possession or rents or profits of lands patin them as against the defendants, plaintiffs in error herein; from which judgment the appellants prosecute this appeal, and numerous specifications of error are assigned, and different propositions argued by appellants, but we think the question of limitation disposes of the case, and therefore make no mention of the other contentions made.

Appellants call attention to the act of Congress of May 31, 1902 (32 St. 284) Kempler's Indian Laws, vol. 1, page 121 as follows:

"Be it enacted: That in all actions both in any state court or United States court by any patentee, his heirs, grantees or any person claiming under such patentee for the possession of lands, of rents or profits of lands patented in severalty to the members of any tribe of Indians under any treaty between it and the United States of America, where a deed has been approved by the Secretary of the Interior to the lands sought to be recovered, the statutes of limitations of the states in which such land is situate shall be held to apply and it shall be a complete defense to such action, that the same has not been brought within the time prescribed by the statutes of said state the same as if such action had been brought for the recovery of land patented to others than members of any tribe of Indians,"

—which provides that where a deed has been approved by the Secretary of the Interior to the land sought to be recovered, the statutes of limitations of the state in which such land is situated shall be held to apply, and it shall be a complete defense to such action, etc.

This court has recently, in the case of Beaver et al. v. Cowan, 104 Okla. 63, 230 Pac. 25, construed this act, in a case very similar to the one at bar, holding that it was applicable. The syllabus is as follows:

"Under the provisions of an Act of Congress approved May 31, 1902 (32 U. S. Stat. at L. 284), a recovery of the allotment of a deceased full-blood Peoria Indian on behalf of the heirs of such deceased Indian is barred by limitation under section 4471, Mansfield's Digest of the Statutes of Arkansas, seven years after the approval on April 30, 1903, by the Secretary of the Interior of a deed executed by the sole devisee of the deceased allottee under a will executed by such deceased Indian in her lifetime, by which the allotment was bequeathed to the grantor in said deed, where the grantee in said deed and all subsequent holders claiming through such grantee had at all times from the 30th day of April, 1903, to the time of the trial remained in the open, notorious, and peaceable possession of said land."

And in view of the fact that it was agreed in the agreed statement of facts that the deed was executed and submitted to the Secretary of the Interior for approval and was approved, and the court making a special finding on this point, wherein it found that the deed had been approved by the Secretary of the Interior, we think makes the holding of the court in the case of Beaver v. Cowan controlling in this case, and the seven years statute of limitations, as provided by section 4471, Mansfield's Digest of the Statutes of Arkansas, had fully run, and constitutes a bar to the right of recovery of plaintiffs in this case. We, therefore, find that the trial court was in error in holding that the deed was not sufficient to start the statute of limitation running, and recommend that the case be reversed with directions to the trial court to render judgment in favor of the defendants and against the plaintiffs sustaining the title conveyed by deed from Francis Marion Dyer.

By the Court: It is so ordered.

Note.—See under (1) 31 C. J. p. 519 (1926 Anno).